UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELVA RAMENTOL,

      Plaintiff,

v.                          CASE No.  8:11-CV-1624-T-TGW

MICHAEL ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

      The plaintiff, who was sixty-two years old at the time of the administrative hearing and who has a sixth grade education, has worked as an owner/manager of a supermarket/restaurant (Tr. 29, 210).[2] She filed a claim

_____

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

[2] The plaintiff obtained her education in Cuba, and she has not attended school in the United States (Tr. 29).

for Social Security disability benefits, alleging that she became disabled due to thyroid and heart conditions, including arrhythmia (Tr. 127). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of repaired rotator cuff tear, history of back strain, history of hypothyroidism, hypertension, and history of supraventricular tachycardia (Tr. 17). He concluded that, with these impairments, the plaintiff was limited to light work with the restriction of no repetitive overhead reaching (Tr. 18). The law judge then determined that, despite these limitations, the plaintiff could return to her past work as an owner/manager of a supermarket/ restaurant (Tr. 20). The law judge therefore decided that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds. None of those arguments warrants reversal of the law judge's decision. In addition, the plaintiff contends that the Appeals Council erred in denying her request for review. That contention also fails.

A. The plaintiff's first issue asserts that "[t]he ALJ never posed the residual functional capacity to the vocational expert in hypothetical form" (Doc. 22, p. 5). This claim, as stated, fails at the outset in light of the law judge's finding that the plaintiff could return to prior work as an owner/manager of a supermarket/restaurant. As the Commissioner points out, the use of testimony from a vocational expert is not necessary when the law judge finds that the plaintiff can return to prior work. <u>Lucas</u> v. <u>Sullivan</u>, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990). A hypothetical question to a vocational expert is normally asked when a claimant cannot return to prior work and the issue becomes whether there is other work in the national economy that the claimant can perform. In short, the plaintiff's issue, as stated, is off target.

The thrust of the plaintiff's argument, however, is that the law judge found that the plaintiff had a restriction against repeated overhead

reaching and that such a restriction would preclude the plaintiff's return to

prior work. On this issue, the law judge stated (Tr. 21):

> The vocational expert testified that an individual with the claimant's residual functional capacity could perform the claimant's past relevant work as it is generally performed. The claimant stated that she performed zero hours per day reaching at this job (Exhibit 5E). The claimant's residual functional capacity is at the light exertional level with no repetitive overhead reaching. Thus, she is capable of performing her past relevant work as an owner/manager as generally performed and as she actually performed it.

As the plaintiff points out, the law judge was mistaken in stating

that the vocational expert testified that the plaintiff with her residual

functional capacity could perform her past work as it is generally performed.

The expert was not asked to testify on that matter, either by the law judge or

the plaintiff's attorney. However, as the plaintiff acknowledges (Doc. 22, p.

7), the law judge was correct to say that the plaintiff filled out a form

indicating that she did "0" hours of reaching at her job (Tr. 128).[3]

_____

[3]There were other pages in the record in which the question about reaching was not answered, most likely because they were overlooked (see Tr. 137, 139, 151). While the law judge made a mistake in the citation to the page where "0" hours of reaching was recorded (see Tr. 128, 151), that mistake obviously does not constitute reversible error.

The plaintiff has the burden to show that she cannot return to prior work. <u>Doughty</u> v. <u>Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001). An ability to return to work exists either if the plaintiff can do the job as she actually performed it, or if she can perform the job as it is done in the national economy. See <u>Jones</u> v. <u>Apfel</u>, 190 F.3d 1224 (11th Cir. 1999); <u>Jackson</u> v. <u>Bowen</u>, 801 F.2d 1291, 1293 (11th Cir. 1986). In this case, the law judge concluded that the plaintiff could perform the past job of owner/manager of a supermarket/restaurant "as generally performed and as she actually performed it" (Tr. 21).

Although the law judge erred in determining that the plaintiff could perform her past work as it is generally performed, the record clearly supports the alternative finding that she could do her past work as she actually performed it. As indicated, the record reflects that the plaintiff's job of owner/manager did not involve reaching (Tr. 128). Significantly, no testimony to the contrary was adduced from the plaintiff or the vocational expert, which is particularly telling since the plaintiff had the burden to show that she could not return to prior work. Consequently, substantial evidence

supports the law judge's finding that the plaintiff could return to her past work as she actually performed it.

B. As a second issue, the plaintiff argues that the Appeals Council erroneously denied her request for review (Doc. 22, pp. 7-15). This contention does not support reversal.

The Eleventh Circuit sought to clarify in <u>Ingram</u> v. <u>Commissioner of Social Security Administration</u>, 496 F.3d 1253 (11th Cir. 2007), the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, <u>Ingram</u> held that, when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. See <u>Tucker</u> v. <u>Astrue</u>, 2008 WL 2811170 (M.D. Fla. 2008).

The record indicates that Dr. John Ramirez, a cardiologist, treated the plaintiff during the relevant period (Tr. 214-65, 299-301, 312-21). On March 21, 2011, Dr. Ramirez completed a form entitled "Cardiac Residual Functional Capacity Questionnaire" (Tr. 480-85). He noted that he began

-8-

treating the plaintiff on September 8, 1989, but the relevant period for the limitations in this report began in 1991 "per [the plaintiff]" (Tr. 480, 485). Dr. Ramirez opined that "[d]ue to memory loss, lack of concentration[, and] increased anxiety that precedes chest pain, shortness of breath, [and] fatigue – [the plaintiff] is no longer able to work out side of the home or in the home"; and he advised the plaintiff to stop working (Tr. 481, 485). He also indicated that emotional factors contribute to the plaintiff's functional limitations (Tr. 482). Dr. Ramirez said that the plaintiff can walk no more than one city block before resting, and sit or stand/walk less than two hours in an eight hour work day (Tr. 483). He further stated that the plaintiff needs to take unscheduled breaks every 15-20 minutes (id.). With respect to prolonged sitting, Dr. Ramirez noted that the plaintiff's legs should be elevated above heart level for 90-95% of the time in an eight hour work day (id.). Dr. Ramirez opined that the plaintiff should avoid concentrated exposure to extreme cold and all exposure to extreme heat, high humidity, fumes, odors, dusts, gases, perfumes, cigarette smoke, soldering fluxes, solvents/cleaners, and chemicals (Tr. 484). Finally, Dr. Ramirez said that the

plaintiff could do "[n]o lifting, pushing, pulling, carrying or reaching greater than 5 lbs. No crouching, kneeling, bending, or running" (Tr. 485).

Opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Citing Ingram v. Commissioner of Social Security Administration, supra, the plaintiff contends that "[t]he Appeals Council erred in denying review based on the treating source residual functional capacity assessment submitted at that level of review" (Doc. 22, pp. 7-15). In its notice denying review, the Appeals Council expressly stated that it considered the additional evidence. Importantly, it said further that "[w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 2). The Appeals Council was not required to give any

greater explanation. <u>Mansfield</u> v. <u>Astrue</u>, 395 Fed. Appx. 528, 530 (11th Cir. 2010).

Moreover, the Appeals Council had ample basis to discount this opinion. As the Commissioner points out, the questionnaire was dated March 21, 2011, which was fifteen months after the law judge's decision (as well as about two and one-half months after the plaintiff's insured status expired). Thus, it has no significant bearing on whether the law judge's decision was correct. Moreover, the questionnaire was not accompanied by any evidence of recent examinations, so that, as far as the Appeals Council knew, Dr. Ramirez last saw the plaintiff on October 27, 2009.

In addition, the conclusory nature of this opinion, particularly the assertion that "per pt." the earliest date of the symptoms and limitations described in the questionnaire was 1991 (Tr. 485), is enough, by itself, to justify the law judge to discount it. <u>Johns</u> v. <u>Bowen</u>, 821 F.2d 551, 555 (11th Cir. 1987); <u>Lanier</u> v. <u>Commissioner of Social Security</u>, 252 Fed. Appx. 311, 314 (11th Cir. 2007). In addition, the Commissioner explained in detail that Dr. Ramirez's assessment is contrary to his own treatment records (Doc. 23, pp. 9-12; <u>compare</u> Tr. 480-85 <u>with</u> Tr. 214-65, 299-301, 312-21). Thus, there

is no basis in the record for thinking that the plaintiff is as limited as Dr. Ramirez has opined in his report. For example, Dr. Ramirez's opinion that the plaintiff is no longer able to work outside the home or in the home (Tr. 481) – to the extent it even pertains to the period before the law judge's decision – is refuted by the plaintiff's testimony that she was then working ten hours per week at the supermarket (Tr. 29). Also, Dr. Ramirez's opinion that the plaintiff is "no longer able to work outside of the home or in the home" (Tr. 481) is not even a medical opinion, but rather an opinion on an issue reserved to the Commissioner. 20 C.F.R. 404.1527(d).

For these reasons, the questionnaire from Dr. Ramirez would have been given no weight by the law judge.   Accordingly, the Appeals Council correctly decided that the new evidence does not render the law judge's findings contrary to the weight of all the evidence.

C. The plaintiff next contends that the law judge failed to incorporate fully the opinions of the nonexamining reviewing physicians, Dr. Ronald Kline and Dr. James Green, into the residual functional capacity assessment (Doc. 22, pp. 15-18). This assertion is unpersuasive (as well as

ironic, since claimants' attorneys typically complain that too much weight is given to the opinions of such doctors).

In a Physical Residual Functional Capacity Assessment form dated June 4, 2008, Dr. Kline opined that the plaintiff is capable of light work with a limitation for frequent reaching with her right extremity (Tr. 303-10). He further indicated that the plaintiff is restricted to occasional climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 305).

Dr. Green also completed a Physical Residual Functional Capacity Assessment form (Tr. 336-43). He reported that the plaintiff can perform medium work, but she is restricted to occasional overhead reaching with the right shoulder (Tr. 337, 339). Dr. Green concluded that the plaintiff has the ability frequently to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but she can only occasionally climb ladders, ropes, or scaffolds (Tr. 338). Finally, he noted that the plaintiff should avoid concentrated exposure to hazardous machinery and heights (Tr. 340).

With respect to these assessments, the law judge stated (Tr. 20):

> As for the opinion evidence, the opinions of
> Disability Determination Services (DDS) medical
> consultants were considered and for the most part
> reflected in the claimant's residual functional

-13-

capacity. Ronald Kline, M.D.[,] concluded in June 2008 that the claimant was capable of work at the light exertional level with a limitation for frequent reaching (Exhibit 6F), and James Green, M.D.[,] opined the claimant was capable of work at the medium exertional level with a limitation for occasional overhead reaching (Exhibit 10F). Giving the claimant the benefit of the doubt, and considering the objective medical evidence, a residual functional capacity at the light exertional level is found to be appropriate. The claimant is also limited to no repetitive overhead reaching due to her repaired rotator cuff. More weight is given to Dr. Kline's reaching assessment, given the excellent range of motion and minimal loss of strength noted by Drs. [John C.] Chan and [Abbas] Khorasanee and the negative findings noted at Town and Country Hospital. Also, the record does not contain any significant changes concerning the claimant's shoulder since Dr. Kline's assessment. The objective medical evidence does not support any other postural, manipulative, visual, communicative, or environmental limitations.

The plaintiff contends that the law judge failed to incorporate all of the limitations found by Dr. Green and Dr. Kline into the residual functional capacity, and he did not explain his reasons for excluding these limitations (Doc. 22, pp. 17-18). Contrary to the plaintiff's assertion, the law judge expressly stated that "any other postural, manipulative, visual, communicative, or environmental limitations" were not supported by the

medical evidence of record (Tr. 20). Significantly, the plaintiff has made no attempt to challenge this finding (see Doc. 22, pp. 17-18), and she has certainly not pointed to any evidence in the record that compels a finding of such a limitation.

It is appropriate to add that, even if the law judge had erred by not incorporating all of those additional limitations, the error would be harmless. The record shows that the job as the plaintiff actually performed it did not require any tasks involving the limitations (see Tr. 128, 139, 151).

D. Finally, the plaintiff challenges the law judge's decision that she could return to her past work as an owner/manager of a supermarket/ restaurant (Doc. 22, pp. 18-20). In this regard, the plaintiff cites to Bechtold v. Massanari, 152 F. Supp. 2d 1340, 1345 (M.D. Fla. 2001), aff'd, 31 Fed. Appx. 202 (11th Cir. 2001), which states, in dicta, that, "[w]here it is clear that a claimant's past employment was a 'composite job,' an administrative law judge may not find a claimant capable of performing her past relevant work on the basis that she can meet some of the demands of her previous position, but not all of them" (Doc. 22, pp. 18-19). However, in this case, the law judge did not conclude that the plaintiff can return to a job where she is

-15-

capable of performing only some of its demands.  Rather, the law judge found that the job of owner/manager of a supermarket/restaurant does not require the performance of duties precluded by the plaintiff's residual functional capacity (Tr. 20-21).   Therefore, this argument is also meritless.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 3̄0̄ᵗʰ day of July, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE